UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFURT DIVISION

Eastern District of Kentucky
F I L E D
OCT 1 4 2016
AT FRANKFORT
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

GARRELL ASSOCIATES, INC., a
Georgia profit corporation,

Plaintiff,

vs.

CASE NO: 3:16 CV 82-GFVT

JACK SMITH COMPANIES, INC., a Kentucky
profit corporation, JOHN R. "JACK"
SMITH, an individual, TIM JONES CUSTOM
HOME DESIGN, an Indiana business,
TIMOTHY JONES, an individual, GREGORY P.
TIBBS, an individual, JACLYN N. TIBBS, an
individual,

Defendants.
_____/

## COMPLAINT - INJUNCTIVE RELIEF SOUGHT

Plaintiff sues Defendants and alleges:

### JURISDICTION AND VENUE

1. This action arises under the federal Copyright Act of 1976, Title 17, United States Code. Jurisdiction is founded on Title 28, United States Code, § 1338(a). Venue is conferred by Title 28, United States Code, § 1400(a).

### PARTIES

2. Plaintiff, Garrell Associates, Inc. (hereinafter "Plaintiff"), is a Georgia profit corporation with its principal place of business at 790 Peachtree Industrial Boulevard, Suite 200, Suwanee, Georgia 30024.

3. Plaintiff is a design firm engaged in the business of designing homes.

4. Defendant, John R. "Jack" Smith, is, upon information and belief, a citizen of the United States, doing business at 1001 Bridge Hill Court, Louisville, Kentucky 40245.

5. Defendant, Jack Smith Companies, Inc., is a Kentucky profit corporation with its principal place of business located at 1001 Bridge Hill Court, Louisville, Kentucky 40245.

6. Defendant, Tim Jones Custom Home Design, is an Indiana business with its principal place of business located at 1907 Paddle Wheel Drive, Jeffersonville, Indiana 47130.

7. Defendant, Tim Jones Custom Home Design, committed the infringement in the Eastern District of Kentucky, whereby it copied Plaintiff's copyrighted plans and used them to draft a design used in the construction of an infringing residence within the Eastern District of Kentucky, thereby infringing Plaintiff's copyrights.

8. Defendant, Timothy Jones, is, upon information and belief, a citizen of the United States, doing business at 1907 Paddle Wheel Drive, Jeffersonville, Indiana 47130.

9. Defendant, Timothy Jones, committed the infringement in the Eastern District of Kentucky, whereby he copied Plaintiff's copyrighted plans and used them to draft a design used in the construction of an infringing residence within the Eastern District of Kentucky, thereby infringing Plaintiff's copyrights.

10. Defendant, Gregory Tibbs, is, upon information and belief, a citizen of the United States, residing at 200 Lansdowne Crescent, Simpsonville, Kentucky 40067.

11. Defendant, Jaclyn Tibbs, is, upon information and belief, a citizen of the United States, residing at 200 Lansdowne Crescent, Simpsonville, Kentucky 40067.

### Count I - Copyright Infringement of The Designs

12. Plaintiff re-alleges and incorporates by reference above-paragraphs 1-11, as if fully stated

herein.

13. Plaintiff created and is the original owner of an original architectural work, entitled and advertised as Tranquility #04159. Reduced copies of the floor plan and front elevation are attached hereto as *Exhibit A*. Full size construction drawings are available but have not been attached due to their size and bulk.

14. Tranquility #04159 was created by Plaintiff in or around 2004.

15. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights of Tranquility #04159, and received from the Register of Copyright certificates of registration dated and identified as follows: "October 18, 2005; VAu723-577," and "October 18, 2005; VAu723-578." Said certificates of registration are attached to hereto as *Exhibit B.*

16. Plaintiff created and is the original owner of an architectural work derived from Tranquility 04159 entitled and advertised as Amicalola Cottage #05168. Reduced copies of the floor plan and front elevation are attached hereto as *Exhibit C*. Full size construction drawings are available but have not been attached due to their size and bulk.

17. Amicalola Cottage #05168 was created by Plaintiff in or around 2005.

18. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights of Amicalola Cottage #05168, and received from the Register of Copyright certificates of registration dated and identified as follows: "December 15, 2008; VA 1-704-062," and "December 15, 2008; VA 1-704-066." Said certificates of registration are attached hereto as *Exhibit D.*

19. Plaintiff later created a derivative architectural work from Tranquility 04159 and Amicalola Cottage #05168 entitled and advertised as Nantahala Cottage #07330. Nantahala Cottage #07330 is sometimes advertised and/or referred to as The Nantahala (Gable Roof). Plaintiff is the original creator and owner of Nantahala Cottage #07330. Reduced copies of the floor plan and front elevation are attached hereto as *Exhibit E*. Full size construction drawings are available but have not been attached due to their size and bulk.

20. Nantahala Cottage #07330 was created by Plaintiff in or around 2007.

21. Plaintiff complied in all respects with the Federal Copyright Act and all other laws governing copyright, and secured the exclusive rights and privileges in and to the copyrights of Nantahala Cottage #07330, and received from the Register of Copyright certificates of registration dated and identified as follows: "December 29, 2014; VA 1-973-349." and "December 29, 2014; VA 1-963-103." Said certificates of registration are attached hereto as *Exhibit F*. Nantahala Cottage #07330 is also offered with a three car garage option. Attached hereto as *Exhibit G* is Nantahala Cottage - 3 Car #09057. Plaintiff first offered the 3 car garage option on Nantahala Cottage in or around 2009.

22. Plaintiff is the owner of the entire right, title and interest in and to Tranquility #04159, Amicalola Cottage #05168, Nantahala Cottage #07330, and Nantahala Cottage 3 - Car #09057 (hereinafter "Plaintiff's Works"), and in and to the copyrights thereon and the registrations thereof.

23. After Plaintiff's Works were created, Defendants infringed Plaintiff's copyrights by advertising, designing, marketing, constructing and participating in the construction of one or more residences which were copied largely from or were exact duplicates of Plaintiff's

4

Works.

24. These infringements include, but are not limited to, at least one home located at 200 Lansdowne Crescent, Simpsonville, Kentucky 40067.

25. After Plaintiff's Works were created, Defendants advertised and otherwise marketed the copyrighted works and their infringing work on web sites, in printed materials and at site of construction and have thereby infringed Plaintiff's copyrights.

26. In the alternative, Defendants are contributorily liable for the acts of infringement alleged herein because they knowingly aided, induced or contributed to direct copyright infringement by others.

27. Alternatively, Defendants are vicariously liable because they had the right and ability to supervise the infringing activity, and a direct financial interest in the infringing activity.

28. The Defendants' actions have damaged Plaintiff.

29. Plaintiff is entitled to recover its actual damages incurred as a result of the Defendants' infringing activities, as well as any profits of the Defendant infringers.

30. In the alternative, Plaintiff is entitled to recover statutory damages of up to $150,000.00 from each infringer for each act of infringement.

31. Any continued unauthorized and infringing use of Plaintiff's Works or any derivatives thereof, will, unless enjoined, cause irreparable harm, damage and injury to the Plaintiff in that the advertising, construction and/or sale of additional structures based upon Plaintiff's Works, or any derivatives thereof, will severely diminish the value of Plaintiff's Works, constitute unfair competition with Plaintiff's exclusive right to the use of Plaintiff's Works and dilute the market for Plaintiff's Works.

32. Plaintiff has employed the services of the law firm of Parrish, White & Yarnell, P.A., to prosecute this action and has agreed to pay same a reasonable fee.

WHEREFORE, Plaintiff requests the following relief:

A. That Defendants, their agents, employees, successors and assigns and all those holding with, through or under them, or acting on their behalf, be preliminarily and permanently enjoined from infringing the aforementioned copyright, from advertising, constructing or selling any structure based upon Plaintiff's Works and from reproducing or otherwise distributing or selling Plaintiff's Works in whole or in part.

B. That Defendants be required to pay to Plaintiff such damages as Plaintiff has sustained in consequence of Defendants' infringement of Plaintiff's Works (and the copyrights thereto) and Defendants' unfair trade practices and unfair competition and to account for all:

   i. Gains, profits and advantages derived by Defendants through such trade practices and unfair competition; and

   ii. Gains, profits and advantages derived by the Defendants through their infringement of Plaintiff's copyrights.

C. That Defendants, in the alternative to B. above, be required to pay statutory damages for infringement of Plaintiff's copyrights.

D. That Defendants be required to pay to Plaintiff the costs of this action and reasonable attorney's fees to be allowed Plaintiff by the Court.

E. Such other and further relief as is just.

Jury Demand: Plaintiff demands trial by jury.

Respectfully submitted: October 13, 2016.

                                                                                    /s/ *FY*
Floyd S. Yarnell, Esq.
Florida Bar No. 184209
PARRISH, WHITE & YARNELL, P.A.
3431 Pine Ridge Road, Suite 101
Naples, Florida 34109
Ph 239/566-2013; Fax 239/566-9561
Primary: PLY@napleslaw.us
Secondary: KarlaSchooley@napleslaw.us
Attorneys for Plaintiff

7